**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4538**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMES JEROME BRIDGES, a/k/a Romeo,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:17-cr-00052-CCE-1)

Submitted: March 29, 2018                      Decided: April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Jerome Bridges pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Bridges to 30 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bridges' sentence is substantively reasonable. Bridges was advised of his right to file a supplemental brief, but he has not done so.

We review sentences for substantive reasonableness "under a deferential abuse-of-discretion standard," considering "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We conclude that Bridges has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable. The district court considered the multiple mitigating factors identified by Bridges' counsel, including the positive changes Bridges has made in his life, but ultimately concluded that the nature and seriousness of the offense, Bridges' criminal history, and the need for the sentence imposed to deter criminal conduct warranted a within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bridges, in writing, of his right to petition the Supreme Court of the United States for further review. If Bridges requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bridges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*